UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA J. STUNKARD,

    Plaintiff,

v.                                                  Case No. 08-12946
                                                  Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 8, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Plaintiff applied for Social Security Disability Insurance Benefits ("DIB") on February 18, 2005, alleging that she became disabled on June 11, 2002, at age 51, due to severe back pain. The Social Security Administration denied Plaintiff's request for benefits. Upon Plaintiff's request, Administrative Law Judge ("ALJ") Henry Perez Jr. conducted a *de novo* hearing on August 8, 2007. The ALJ issued a decision on October 19, 2007, finding Plaintiff not entitled to disability benefits because she retained the

ability to perform a limited range of light work prior to December 31, 2004, when her insured status expired. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review. Plaintiff thereafter initiated the pending action.

Both parties filed motions for summary judgment, which this Court referred to Magistrate Judge Donald A. Scheer. On November 18, 2008, Magistrate Judge Scheer filed his Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's motion for summary judgment and grant Commissioner's motion. At the conclusion of the R&R, Magistrate Judge Scheer advises the parties that they may object and seek review of the R&R within ten days of service upon them. Plaintiff filed objections to the R&R on November 24, 2008.

**I. Standard of Review**

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g)(emphasis added); *see Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott*

*v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990)(quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).  The Commissioner's findings are not subject to reversal even where substantial evidence also exists in the record to support a different conclusion.  *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)(citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects.  *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

## II. Background

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further.  *Id*.  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id*.  "The burden of proof is on the claimant through the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently

engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[2]  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3]  *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id*.

---

[1] The ALJ concluded that Plaintiff did not engage in substantial gainful activity from her alleged onset date of June 11, 2002, to her date last insured of December 31, 2004.  A.R. at 16.

[2] The ALJ concluded that Plaintiff has a severe impairment consisting of back disorders.  A.R. at 16.

[3] The ALJ analyzed whether Plaintiff met Listings 1.02 or 1.04 and determined that her impairment is not sufficiently severe to meet those Listings.  A.R. at 16.

[4] The ALJ found that, at all relevant times, Plaintiff "has had the residual functional capacity to perform unskilled light work of lifting ten pounds frequently, 20 pounds occasionally, and occasional climbing, stooping, crouching, balancing, kneeling, or crawling."  A.R. at 17.  The ALJ concluded that Plaintiff was unable to perform any of her past relevant work.  *Id*.

[5] The ALJ determined that, considering Plaintiff's age, educational background, work experience, and residual functional capacity, she was capable during the time in question of performing jobs that exist in significant numbers in the national economy.  A.R. at 20-21.  The

**III. Plaintiff's Objection**

Plaintiff objects to Magistrate Judge Scheer's conclusion that substantial evidence supports the ALJ's finding that she retained the residual functional capacity to perform a limited range of light work prior to December 31, 2004.  Plaintiff specifically complains that Magistrate Judge Scheer held her to a higher evidentiary standard regarding the severity of her pain than the law permits and that he disregarded evidence in her medical record and on a survey supporting her assertion of disabling pain.  Plaintiff's objection lacks merit.

Although Plaintiff argues that Magistrate Judge Scheer applied the wrong evidentiary standard, both Plaintiff and the R&R cite the same case for a recitation of the relevant evidentiary burden.  In *Duncan v. Secretary of Health & Human Services*, the Sixth Circuit set forth a two pronged analysis for considering allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d 847, 853 (6th Cir. 1986).  Magistrate Judge Scheer and the ALJ properly applied

---

ALJ therefore concluded that Plaintiff was not under a "disability" as defined in the Social Security Act.  *Id* at 22.  Magistrate Judge Scheer found substantial evidence in the record to support this finding.  R&R at 7.

this analysis to the facts of Plaintiff's case.

Substantial evidence exists on the record to support the ALJ's conclusion that Plaintiff retained the residual functional capacity for a limited range of light work prior to December 31, 2004, despite her allegations of disabling pain. The ALJ concluded that objective medical evidence established, under the first prong of the analysis, that Plaintiff suffered from an underlying medical condition–namely back disorders. In regard to the second prong, however, Magistrate Judge Scheer agreed with the ALJ's finding that the objective medical evidence failed to confirm the severity of Plaintiff's alleged pain or to establish a medical condition of such severity that it could reasonably be expected to produce the alleged pain. This conclusion is supported by record evidence of normal to near normal test results, conservative back treatments, and the opinion of a state agency consultant. The R&R also notes that Plaintiff's doctor never imposed work restrictions or recommended surgical intervention. Taken together, the Court agrees that the record contains substantial evidence in support of the ALJ's conclusion that Plaintiff retained the residual functional capacity for a limited range of light work.

Nonetheless, Plaintiff maintains that this conclusion inappropriately ignores her medical record and a survey she completed in support of her application for benefits. Plaintiff's medical record is replete with subjective complaints to treating doctors about back pain but, as noted above, fails to include objective medical evidence to support the severity of the alleged pain as required by *Duncan*. And while Plaintiff self-reported in a survey that she "can only do very little" and has to "stop and rest every 10-15 min's," she

6

also self-reported in the same survey that she has no problems with personal care, prepares meals daily, performs light housework, attends to financial matters, and visits with people.  A.R. 68-75.  As Magistrate Judge Scheer noted:

> It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits.  There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible.  However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  *Beavers v. Secretary*, 577 F.2d 383 (6th Cir. 1978).  *See also Williamson v. Secretary*, 796 F.2d 146, 150 (6th Cir. 1986).

R&R at 7.  Even if Plaintiff's subjective complaints and self-reports provide substantial evidence to support Plaintiff's allegation of disabling back pain, there is also substantial evidence to support the ALJ's conclusion that Plaintiff remained capable of a limited range of light work during the relevant period.  For these reasons, the Court must affirm the Commissioner's decision.

## IV. Conclusion

The Court concludes that there was substantial evidence in the record to support the ALJ's evaluation of Plaintiff's residual functional capacity and ability to perform a limited range of light work.  The Court therefore affirms the decision of the Commissioner, finding that Plaintiff is not disabled within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED**; and

**IT IS FURTHER ORDERED** that Commissioner's motion for summary judgment is **GRANTED**.

A judgment consistent with this order shall issue.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Kenneth F. Laritz, Esq.
Judith E. Levy, AUSA